(128 App. Div. 868.)

FREEMAN v. TIFFANY STUDIOS.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

1. ACCORD AND SATISFACTION (§ 10*) — PARTIAL PAYMENT OF UNLIQUIDATED CLAIM.

An unliquidated claim may be compromised, and a payment of a less sum than claimed in full satisfaction thereof is an accord and satisfaction.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 67; Dec. Dig. § 10.*

For other definitions, see Words and Phrases, vol. 1, pp. 81–84; vol. 8, p. 7561.]

2. ACCORD AND SATISFACTION (§ 10*) — PARTIAL PAYMENT OF UNLIQUIDATED CLAIM.

A salesman entitled to commissions on contracts procured by him, no claim to be made for commissions on any contract made subsequently to the termination of the agreement, who executed an instrument reciting payment in full for commissions and canceling the agreement, could not collect the commissions on contracts subsequently made and while employed at an agreed compensation irrespective of what work was done to secure the contracts prior thereto.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 67; Dec. Dig. § 10.*]

3. MASTER AND SERVANT (§ 70*)—EMPLOYMENT—COMPENSATION.

Generally, the right of an employé to commissions does not arise until the work is fully performed, no matter how much may have been done in the direction.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 70.*]

Appeal from Special Term, Kings County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Thomas T. Freeman against the Tiffany Studios. From a judgment dismissing the complaint at the close of the evidence, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

James A. Allen (Edward Harding, on the brief), for appellant.
Robert Thorne, for respondent.

WOODWARD, J. The judgment should be affirmed. There was no evidence on which the plaintiff was entitled to recover in this action. The theory of the plaintiff's complaint is that he is entitled to the fair value of services in procuring certain contracts for the defendant, or its predecessor, to whose rights and obligations it has succeeded. The evidence offered in support of the claim is a written contract of employment as a salesman on a basis of 10 per cent. commissions on sales and contracts. The contract provided the terms and conditions on which commissions should become due and payable, and, in the case of contracts, one-half was to become due on the acceptance of the contract, and the remainder upon the performance of the contract and payment to the company. The plaintiff was to be paid $10 per week for expenses, and his commissions were to be settled monthly. It was provided that:

The "contract shall terminate Dec. 31st, 1900, or sooner, at the option of either party, on thirty days' notice to the other, and no claim shall be made for commissions on any contract made subsequent to such termination."

It appears that the parties continued to operate under this contract until the 24th day of July, 1902, when they entered into a written agreement, in the following language:

"Received July 24, 1902, from the Allied Arts Company, two hundred and seventy dollars ($270.00), in full payment of all commissions and of all claims of any nature, to date, the payment of this sum hereby cancelling all arrangements heretofore existing regarding the payment of commissions.
"T. T. Freeman."

After this, the plaintiff entered into the employ of the defendant at an agreed price of $25 per week, and during the term of such employment the contracts on which he now claims commissions were secured to the company. It is claimed that at the time of signing the agreement terminating the original contract an officer of the defendant agreed that if these particular contracts, on which the plaintiff had been engaged, were secured, the fact would be taken into consideration in settling with the plaintiff, and nearly five years after the contracts were received by the defendant this action is brought to recover the commissions. The plaintiff claims that at the time of signing the last contract the defendant owed him $540, and that the payment of $270 did not constitute an accord and satisfaction, but what that has to do with this case is not very apparent. However, it was not, so far as the evidence shows, a liquidated claim, and it was proper to compromise the matters then open between them in the manner which was done, and it operated to close out the previous contract, under

the terms of which the plaintiff was not to demand commissions for contracts made subsequent to the termination, and it clearly appears that no contracts were made under which he now claims until months after July 24, 1902. The right to commissions generally does not arise until the work is fully performed, no matter how much may have been done in the direction, and the facts in this case show that the plaintiff actually secured the contracts while working for $25 per week, and long subsequent to the closing of all relations under the original contract.

The judgment appealed from should be affirmed, with costs. All concur.